MURDOCK, Justice
(dissenting).
Fairfield Nursing and Rehabilitation Center, L.L.C. (“FNRC”), asks this Court to hold that the trial court abused its discretion.
The trial court’s orders at issue are discovery orders. The orders require the disclosure of materials that, for all that appears, will reveal what happened to the plaintiffs’ injured family members, who was responsible for the injuries, and in what measure such person or persons might be culpable.
FNRC’s position that the trial court abused its discretion is based on nothing more than bare — indeed, bare minimum— assertions in identically worded affidavits signed by one former employee and one current employee. The key averment included in each of these affidavits is a con-clusory one that the requested materials are somehow related (how, we are not told) to something called “quality assurance.” The affidavit speaks not of an established “quality assurance” program or procedures, but instead simply borrows from § 22-21-8(b), Ala.Code 1975, the term “quality assurance,” an obviously general term that appears at best to be ambiguous.[6]
*457 Although FNRC asserts that these affidavits were “unopposed,” I submit that the trial judge could have acted within his discretion to employ his common sense and experience with regard to the issue at hand and, in the context of the above-described concerns, to find inadequate the conclusory assertions found in these affidavits. Roby, for example, argues in her brief that the affidavits fail to provide any facts that would be material to aiding the trial court in determining whether the privilege is applicable here:
“Although the affiants state that the materials are allegedly ‘created for quality assurance purposes,’ the affiants do not state what alleged system of ‘quality assurance’ that FNRC has in place or what its alleged methods and procedures for ensuring ‘quality assurance’ are. Nor do the affidavits attempt to describe what individuals or committee (if any) is responsible for monitoring ‘quality assurance.’ Finally, although the affidavits give conclusory assurances that the materials ‘are needed to guarantee the high quality of care for all residents’ and ‘to keep investigations of incidents at the facility candid and open,’ the reader is left to guess as to ‘why’ and ‘how’ these things are allegedly achieved.”
Roby brief, at 10. Roby also argues:
“[T]his Court has never construed the words ‘quality assurance’ so loosely as FNRC argues should be done in this case. Nor should the Court do so. Indeed, if FNRC’s argument is extended to its logical (or, rather, illogical) conclusion, nearly every document created by FNRC, including garden-variety medical records, would be privileged because they are all somehow related to the quality of patient care. Such a tenuous connection to ‘quality assurance’ would, in effect, bar discovery in a medical negligence action. Moreover, it would turn the § 22-21-8 privilege into a full-fledged ‘self critical analysis’ privilege— a privilege this Court has expressly refused to adopt.”
Roby brief, at 11-12 (citing Ex parte Cryer, 814 So.2d 239 (Ala.2001)) (emphasis in original).
The general rule in Alabama is that
“‘“[discovery matters are within the trial court’s sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.” ’ Ex parte Coosa Valley Health Care, Inc., 789 So.2d 208 (Ala.2000) (quoting Wolff v. Colonial Bank, 612 So.2d 1146, 1146 (Ala.1992)).”
Ex parte Cryer, 814 So.2d at 243. Nevertheless, “ ‘[t]he writ of mandamus is a drastic and extraordinary remedy, to be issued,”’ among other things, only when the petitioner has shown “‘a clear legal right ... to the order sought.’ ” Id. (quoting Ex parte Coosa Valley Health Care, Inc., 789 So.2d 208, 216 (Ala.2000)). “““[T]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,” ’ and “ ‘the writ will not issue where the right in question is doubtful.’ ” ’ ” Id. (quoting Ex parte Coosa Valley Health Care, Inc., 789 So.2d at 216 (quoting earlier eases)). Given the limited and conclusory nature of the assertions contained in the affidavits presented by FNRC, as well as the discretion afforded the trial court with respect matters of discovery, I cannot conclude that the peti *458 tioner in these cases has made the required showing. I therefore, respectfully, must dissent.
COBB, C.J., concurs.

. The ambiguity of the term "quality assurance” is lessened, however, if it is understood " ‘to embrace only objects similar in nature to those objects enumerated' ” by the terms that precede and follow it in § 22-21-8(b), i.e., "accreditation” and "credentialing,” an un *457 derstanding that suggests something more in the way of procedure and substance than was shown to the trial court in this case. See Ex parte Emerald Mountain Expressway Bridge, L.L.C., 856 So.2d 834, 842-43 (Ala.2003)(discussing the principles of context, noscitur a sociis, and ejusdem generis in relation to statutory construction).